**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| **SABRINA GUERRERO,** | ) |
| | ) CIVIL ACTION NO. 3:24-cv-00305-TAV-JEM |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Thomas A. Varlan |
| | ) |
| **THE LINCOLN NATIONAL LIFE** | ) |
| **INSURANCE COMPANY,** | ) Magistrate Judge Jill E. McCook |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Sabrina Guerrero ("Plaintiff"), and states as follows:

## JURISDICTION AND VENUE

1. Lincoln admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") under the jurisdiction of this Court under 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that Plaintiff's claims are governed by ERISA. To the extent that Paragraph 2 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that Plaintiff's claims are governed by ERISA. To the extent that Paragraph 3 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Gentiva Health Services, LLC Long Term Disability Plan ("the LTD Plan") under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 5 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. Lincoln admits Plaintiff resided, at certain times, in Kodak, Tennessee. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits Plaintiff was, at certain times, employed by Gentiva Health Services, LLC ("Gentiva"). Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits the LTD Plan and Plaintiff's claims are governed by ERISA. Lincoln admits Plaintiff was, at certain times, employed by Gentiva and was, at certain times, a participant in the LTD Plan. Lincoln admits it issued Group Disability Income Policy No. GF3-890-LF0132-01 (the "Policy") to Gentiva, which Policy, at certain times, insured benefits paid

by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Gentiva sponsored the LTD Plan to provide certain benefits to participating, eligible employees of Gentiva. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits the allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it issued the Policy to Gentiva. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy, which claim was assigned claim number 12827197. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it is an insurance company and is lawfully authorized to do business in Tennessee. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

## FACTS

14. Lincoln admits it issued the Policy to Gentiva, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies it was the LTD Plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it issued the Policy to Gentiva, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln admits it sent a letter to Plaintiff dated July 27, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent a letter dated June 17, 2024, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits Plaintiff was, at certain times, employed as a Social Worker by Gentiva, and that Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits Plaintiff's last day at work at Gentiva was February 25, 2022. Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, which appeal is contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy. Lincoln admits that Plaintiff exhausted

administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that this action was filed on July 17, 2024. Lincoln denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" and benefit calculations applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the

Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. To the extent that Paragraph 28 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. To the extent that Paragraph 29 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. To the extent that Paragraph 32 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient information regarding the status of Exam Coordinators Network and Genex as business entities, to admit or deny these allegations, and accordingly, denies these and all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. To the extent that Paragraph 34 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that Paragraph 35 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that Paragraph 36 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that Paragraph 37 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that Paragraph 38 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and

Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. To the extent that Paragraph 41 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits it issued the Policy to Gentiva, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy, but Lincoln specifically denies it was the LTD Plan administrator of the LTD Plan. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits it issued the Policy to Gentiva, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy, but Lincoln specifically denies it was the LTD Plan administrator of the LTD Plan. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln denies all allegations contained in Paragraph 44 of the Complaint.

45. Lincoln denies all allegations contained in Paragraph 45 of the Complaint.

46. Lincoln denies all allegations contained in Paragraph 46 of the Complaint.

47. Lincoln denies all allegations contained in Paragraph 47 of the Complaint.

48. To the extent that Paragraph 48 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits it issued the Policy to Gentiva, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy, but Lincoln specifically denies it was the LTD Plan administrator of the LTD Plan. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. To the extent that Paragraph 50 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. To the extent that Paragraph 51 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln denies all allegations contained in Paragraph 52 of the Complaint.

53. To the extent that Paragraph 53 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln denies all allegations contained in Paragraph 54 of the Complaint.

55. To the extent that Paragraph 55 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln denies all allegations contained in Paragraph 56 of the Complaint.

57. To the extent that Paragraph 57 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln denies all allegations contained in Paragraph 58 of the Complaint.

59. To the extent that Paragraph 59 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln denies all allegations contained in Paragraph 60 of the Complaint.

61. To the extent that Paragraph 61 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln denies all allegations contained in Paragraph 62 of the Complaint.

63. To the extent that Paragraph 63 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln denies all allegations contained in Paragraph 64 of the Complaint.

65. To the extent that Paragraph 65 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln denies all allegations contained in Paragraph 66 of the Complaint.

67. To the extent that Paragraph 67 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln denies all allegations contained in Paragraph 68 of the Complaint.

69. To the extent that Paragraph 69 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. Lincoln denies all allegations contained in Paragraph 70 of the Complaint.

71. To the extent that Paragraph 71 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. Lincoln denies all allegations contained in Paragraph 72 of the Complaint.

73. To the extent that Paragraph 73 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 73 of the Complaint.

74. Lincoln denies all allegations contained in Paragraph 74 of the Complaint.

**CAUSE OF ACTION**
**FOR PLAN BENEFITS AGAINST DEFENDANT**
**PURSUANT TO 29 U.S.C. § 1132(A)(1)(B)**

Lincoln incorporates its responses to Paragraphs 1-74 by reference as if fully set forth herein.

75. Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln denies all allegations contained in Paragraph 76 of the Complaint.

77. Lincoln denies all allegations contained in Paragraph 77 of the Complaint.

78. Lincoln denies all allegations contained in Paragraph 78 of the Complaint.

79. Lincoln denies all allegations contained in Paragraph 79 of the Complaint.

80. Lincoln denies all allegations contained in Paragraph 80 of the Complaint.

81. Lincoln denies all allegations contained in Paragraph 81 of the Complaint.

82. Lincoln denies all allegations contained in Paragraph 82 of the Complaint.

83. To the extent that Paragraph 83 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 83 of the Complaint.

84. Lincoln denies all allegations contained in Paragraph 84 of the Complaint.

85. Lincoln denies all allegations contained in Paragraph 85 of the Complaint.

86. Lincoln denies all allegations contained in Paragraph 86 of the Complaint.

87. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was arbitrary and capricious because the Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff's claim for breach of fiduciary duty and claim under Section 502(a)(3) of ERISA against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA.

7. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 14th day of August 2024.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the **14th day of August 2024**, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed via the Court's CM/ECF electronical filing system, which served the following counsel of record via electronic notification:

D. Seth Holliday, Esq.
Email: sholliday@mcmahanfirm.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers